In the Matter of JOSEPH MANZI, Petitioner, *v.* H. ELIOT KAPLAN et al., Constituting the State Civil Service Commission, Respondents.

Supreme Court, Special Term, Queens County, June 21, 1962.

HAROLD J. CRAWFORD, J. This is an article 78 proceeding to review a decision of the State Civil Service Commission which dismissed the petitioner's appeal from a determination of the Acting Director of Pilgrim State Hospital demoting him from staff attendant to attendant in that hospital.

The gravamen of the petition is that the aforesaid Acting Director was without jurisdiction to sit as hearing officer and to render the determination which was the subject of the appeal. Petitioner also claims that the Acting Director deprived him of equal protection of the law by refusing his request to be represented by a counsel who was not a lawyer.

Section 75 of the Civil Service Law prescribes the procedure for removal and other disciplinary action of the petitioner's class of a civil service employee. Subdivision 1 of that section states that such an employee may not be removed or otherwise subjected to any disciplinary penalty except for incompetency or misconduct shown after a hearing upon stated charges. Subdivision 2 of that section prescribes that: " The hearing upon

such charges shall be held by the officer or body having the power to remove the person against whom such charges are preferred, or by a deputy or other person designated by such officer or body in writing for that purpose.  In case a deputy or other employee is so designated, he shall, for the purpose of such hearing, be vested with all the powers of such officer or body and shall make a record of such hearing which shall, with his recommendations, be referred to such officer or body for review and decision.''

The petitioner was disciplined after the hearing before the '' Acting Senior Director '' of the Pilgrim State Hospital. Petitioner claims that the said Acting Senior Director is a permanent '' Assistant Director '' and had no power to remove the petitioner.  He claims, therefore, that the hearing officer was merely a deputy acting without designation in writing to hold the hearing and he had no power to make a determination.

Section 34 of the Mental Hygiene Law prescribes the powers and duties of the director of each State institution.  One of these powers is to appoint and remove within the amounts appropriated and in accordance with law and the applicable rules of the State Civil Service Commission such officers and employees as he may deem necessary for the efficient administration of the institution.  It appears that there is no person holding the title of '' Director '' at the Pilgrim State Hospital. The Acting Senior Director was designated in writing as such by the Commissioner of the Department of Mental Hygiene on July 23, 1958.  This designation was still in effect on the date of the hearing.

In the opinion of this court, the Acting Senior Director is endowed with all of the powers prescribed in section 34 of the Mental Hygiene Law, including the power to appoint and remove employees (cf. Mental Hygiene Law, § 2, subd. 3; *Matter of Morrison* v. *Moses,* 172 Misc. 129, affd. 258 App. Div. 955). Therefore, he has the power prescribed in subdivision 2 of section 75 of the Civil Service Law to hold a disciplinary hearing and make a decision and determination upon the charges preferred against the employee.  There is no necessity for him to be designated in writing for the specific purpose of holding the hearing nor is it necessary for him to make a record of the hearing and refer it to some other officer or body for review and decision.

It is difficult to comprehend the reasoning behind the next objection stated by the petitioner.  He contends that he was denied equal protection of the law when the hearing officer required him to be represented by a counsel who was an attorney.

He admits he did not raise this point at the time of the hearing. He admits that he requested the hearing officer to allow him to be represented by counsel and makes no claim that he attempted to appear in person. Subdivision 2 of section 75 of the Civil Service Law gives an employee against whom charges are preferred the right to be " represented by counsel ". It was not arbitrary for the hearing officer to interpret the quoted phrase as meaning represented by counsel who is an attorney. Indeed, prior to 1945 the Civil Service Law gave an accused the right to be represented by counsel or other representative. The right to any representation was repealed by chapter 607 of the Laws of 1945. Chapter 312 of the Laws of 1960, restored the right to be represented by counsel but not to be represented by some other representative. Had the Legislature intended to restore that right also, it would have so provided.

Petitioner claims that in addition to demoting him from staff attendant to attendant, the hearing officer fined him 21 days' pay. He contends that this fine was in excess of $100 and was barred by subdivision 3 of section 75 of the Civil Service Law. It appears, however, that the petitioner was not punished by a fine. He was suspended without pay for a period of 21 days pending the hearing and determination of the charges. He was restored to the payroll immediately after the determination was reached. The said subdivision 3 provides that an employee may be suspended without pay for a period not exceeding 30 days.

The court is unable to find that the decision of the Civil Service Commission affirming the determination of the hearing officer was arbitrary. Although there was evidence presented by the petitioner tending to disprove the charges, there was substantial evidence supporting the determination made by the hearing officer. The petition is accordingly denied.